## John L. Carrier vs. Henry A. Dellay.

A declaration may be amended by changing the form of action from *trespass* to *trover*, after trial and verdict and decision on a motion for a new trial, upon payment of *all* the Defendant's costs, where the objection was made by Defendant the first opportunity.

This was an action of trespass. The declaration was served May 9th, 1842. The cause was tried at the August circuit in Chenango county, 1844. One of the grounds upon which it was defended, was, that trespass would not lie, the possession of the property in question being in one Harris, under a lease from the Plaintiff, and the Defendant moved for a non-suit upon that ground; the Plaintiff claimed the declaration to be substantially in trover, and succeeded at the circuit.

The Defendant, relying upon this ground, made a case and moved for a new trial. The cause was argued, and a new trial granted at the October term, 1846. The court decided that the declaration was in trespass and not trover. The Plaintiff now asks leave to amend his declaration so as to change the form of the action to trover instead of trespass.

H. Bennett, *for Plaintiff.*
R. O. Reynolds, *for Defendant.*

Mason, Justice.—It is certainly to be regretted that the Plaintiff should be deprived of his verdict in this cause on the merits of the controversy in this suit, by a mistake in the form of his action. But it is quite clear that any relief that we can give him on this motion will be of but little use to him, unless we depart from the well settled rules upon which this court has heretofore allowed amendments. I have examined the list of numerous cases cited upon the argument of this motion, and have bestowed some care in the examination of this case, and I can find no case where the court has allowed the Plaintiff to amend his declaration so as to change the entire form of action, short of imposing the terms of paying all the Defendant's costs, with the single exception of the case reported in 1 Howard's Pr. R. page 82. In that case, the Plaintiff was allowed to amend, on the payment of the costs of opposing the motion only; but that was decided upon the ground that the Defendant did not take his objection to the declaration or form of the action, until after a long litigation, but it is otherwise where the Defendant makes his objection at the first opportunity as in this case. I can see no reason for distinguishing this, from the case of *Downer* v. *Thompson*, 6 Hill, 377, and the reasons of the late chief justice Bronson, as contained in the opinion in that case, apply with full

force to the present.   The amendment in this case is allowed upon the Plaintiff paying all the Defendant's costs, including the costs of the motion for a new trial, and ten dollars, costs of opposing this motion; to be paid in twenty days after service of a copy of this rule, and on the Plaintiff's relinquishing his contingent right to the costs already made subsequent to the narr, in case the Plaintiff finally succeeds; if the costs are not paid within the the time above stated, then the motion is denied with ten dollars costs to the Defendant.